UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Leilei Zhang

    Plaintiff(s),

v.

**Tasha S. O'neal** (Assistant Clerk, Wake County Superior Court Clerk's Office of North Carolina),

**Kellie Z. Myers** (Wake County Trial Court Administrator of North Carolina)

**Blair Williams** (Clerk, Wake County Superior Court Clerk's Office of North Carolina)

    Defendants,

FILED
Aug 16 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ AlejandraIslas  DEPUTY

'24CV1459 BEN VET

**Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)**

**Jury Trial Demanded:** ☑ Yes ☐ No

    **HERE COMES NOW** the plaintiff, Leilei Zhang, *pro se*, brings this action with the United States District Court, Southern District of California against defendants, Blair Williams, Clerk of the North Carolina (NC) Wake County Superior Court Clerk's Office, Tasha S. O'neal, Assistant Clerk of the North Carolina (NC) Wake County Superior Court Clerk's Office, and Kellie Z. Myers, North Carolina Wake County Trial Court Administrator (TCA) in a claim of Civil Rights violations pursuant to 42 U.S.C. § 1983 **(non-prisoners).**

# I. JURISDICTION

1. This court has jurisdiction under 28 U. S. C. § 1331 and 28 U. S. C. § 1343. Federal question jurisdiction arises pursuant to 42 U. S. C. § 1983.

# II. VENUE

2. Venue is proper pursuant to 28 U. S. C. § 1391 (e) (1) because the plaintiff is a lawful resident of San Diego County, California and there is no real property involved in the action.

# III. PARTIES

1. Plaintiff is a citizen of the United Stated of America and resident of San Diego County, California and has been a citizen and resident of San Diego County, California for more than six months preceding the commencement of this action. Plaintiff resides at: 7025 Surfbird Circle, Carlsbad, CA 92011.

2. Defendant Blair Williams is the Clerk of the North Carolina (NC) Wake County Superior Court Clerk's Office (the Clerk's Office). Mr. Williams is in charge of the Clerk's Office and responsible for overall operations. Defendant Tasha S. O'neal is the Assistant Clerk of the NC Wake County Superior Court Clerk's Office. Ms. O'neal oversees the daily operations of the Wake County Superior Court Clerk's Office. Defendant Kellie Z. Myers is the North Carolina Wake County Trial Court Administrator. Ms. Myers is responsible for carrying out the policies of the Wake County Senior Resident Superior Court Judge and the Chief District Court Judge to improve the administration of justice through

professional management of the operations of the court system in the 10th Judicial District. Defendants are sued in their official capacity.

**Defendants were acting under the color of law because they were abusing their official power by imposing wrongful and improper restrictions to prevent the plaintiff, *pro se* from filing proceedings with the Clerk's Office as well as continuing with her appeal with the North Carolina Court of Appeals.**

## IV. STATEMENTS OF FACTS

This action stems from a lawsuit of breach of contract brought by plaintiff against Wen Zhang in the North Carolina (NC) Superior Court (the court) on May 18th, 2022. File number 22cvs006041-910.

Plaintiff and Wen Zhang (the parties) were married and divorced in October 2022. The parties executed a separation agreement (the contract) in August 2021. The agreement was notarized and is legally binding. The parties have joint custody of minor daughter, Ella, who currently lives with Wen Zhang in Cary, North Carolina. According to the separation agreement term #7 (see below), Ella shall live with plaintiff in San Diego, California during non-school days and holidays to satisfy JOINT CUSTODY between the parties.

**7. CHILD CUSTODY. The parties acknowledge and agree that it is in the best interests of Ella Zhang ("Ella") for the Husband and Wife to share joint legal custody. Ella will continue living in Cary with Husband-Father for school purposes and shall visit with Wife-Mother during Ella's fall and spring breaks, during Thanksgiving and Winter breaks, and during the summer when school is not in session. Husband shall be responsible for purchasing the plane tickets for himself and Ella to fly to San Diego, and Wife shall be responsible for purchasing plane**

**tickets for herself and Ella to fly back to RDU, North Carolina. Wife will have the right to request additional time with Ella, as needed.**

Wen Zhang has been in **constant** violation of this legal contract, especially the term regarding child visitation #7 by finding excuse after excuse to keep Ella from visiting plaintiff without legal justification. Wen Zhang had kept Ella in North Carolina the ENTIRE summers of 2022 and 2023 with no legal consequences after many attempts by plaintiff with the Wake County Superior Court to seek temporary restraining order against him.

Wen Zhang through his counsel motioned for "Summary Judgment, Motion to Strike, Motion for Sanctions, and for a Gatekeeper's Order" on November 17th, 2023. A superior court hearing was scheduled and conducted on January 16th, 2024 during the 10:00am Civil session, the Honorable Judge Bryan Collins presiding.

Starting May 24th 2024 (when Ella graduated from high school in Cary, NC) and throughout the summer of 2024 as of July 29th 2024 (when Ella turned 18), Wen Zhang had again kept Ella in Cary, NC against the contract contested by plaintiff during the January 16th, 2024 hearing.

On June 5th, 2024, plaintiff inquired about the pending court order from Judge Collins as a result of the January 16th hearing with defendant Ms. Kellie Myers at the NC Wake County Trial Court Administrator's Office. On July 12th, 2024, Plaintiff submitted to the Wake County Superior Court Administrator's Office an affidavit in support of a request for the issuance of an arrest warrant (Exhibit 1) against Wen Zhang pursuant to NC § 15A-304.

Despite all evidence against Wen Zhang for his past and ongoing breach of contract activities presented by plaintiff to the court through affidavits, exhibits and discovery items during the January 16th, 2024 hearing for breach of contract, on July 9th, 2024 the court rendered an order by Judge Collins GRANTING summary judgment on Wen Zhang's claims for breach of contract. He was awarded $141,367.36 in addition to attorney's fees of $20,707.07. A Gatekeeper's Order was also granted as part of the Judge Collins order to Wen Zhang against plaintiff. Plaintiff filed Notice of Appeal (Exhibit 2) of the aforementioned order with the Clerk's office of the Wake

County Superior Court on 9 July, 2024. **The Gatekeeper's Order was appealed as portion of the order with the Notice of Appeal.**

On July 10th, 2024, Wen Zhang through his counsel submitted "Motion to Dismiss Plaintiff's Notice of Appeal; Motion for Sanctions & Civil Contempt" and a court hearing was set for this motion for August 21st, 2024 by the Wake County Trial Court Administrative office. On July 11th, 2024, plaintiff submitted its "Motion to Strike" to the Clerk's Office for filing, however, the filing request was rejected citing a "Gatekeeper's Order". Plaintiff argued that the **Clerk's Office "does not have an enforceable Gatekeeper's Order while the order is being appealed to a higher court".** Plaintiff motioned to strike defendant's improper filing of "Motion to Dismiss Plaintiff's Notice of Appeal; Motion for Sanctions & Civil Contempt" and submitted its revised version of the "Motion to Strike" on July 25th, 2024. Throughout the period of July 11th up till this day, plaintiff's request to the Clerk's office for filing was ignored and rejected, citing the "Gatekeeper's Order" rendered by judge Collins (Exhibit 4, email by defendants Blair Williams, Tasha O'neal, and Kellie Myers). Defendant Williams and defendant Myers also threatened plaintiff of any further communication with the Clerk's Office and TCA and any future legal action by plaintiff against the Clerk's Office.

In addition, the Clerk's Office intentionally and wrongfully filed a document "Appellate results, motion for temporary stay is denied" under plaintiff's name. Plaintiff requested the clerk to make corrections however was ignored and rejected (Exhibit 5).

As a result of the Clerk's Office's repeated and groundless rejections for filing, plaintiff is prevented from continuing with the appeal process initiated on July 9th, 2024. Consequently, plaintiff may potentially lose her appeal right entirely by order of the court during the hearing on August 21st, 2024. Plaintiff will file further exhibit and memo to reflect the court decision to accompany this complaint. Again, plaintiff argues that **Clerk's Office "does not have an enforceable Gatekeeper's Order to restrict plaintiff from filing a motion while the order is being appealed to a higher court.**

Defendant Myers claimed that parties should be treated equally and be held with the same standards. Plaintiff was going to file with the Clerk a "brief" (Exhibit 3) to be submitted to the Superior Court judge before the August 21st hearing pursuant to Senior Resident Judge Paul Ridgeway's order rendered on July 30th, 2024 (Exhibit 6). However, was rejected again. This is a violation as a matter of law that requires judges to hear arguments from both sides with fairness in order to render a decision. Ms. Myers' claim is not justified by the Clerk's Office's action. The Clerk's Office is breaking the law by imposing improper restrictions on filing by the plaintiff.

The Clerk's Office is not only violating a court order but also violating plaintiff's right to appeal and her constitutional right to have access to open court pursuant to NC Constitution Article I section 18 below:

**Sec. 18. Court shall be open. (Exhibit 7)**
**All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay.**

## V. CLAIM

Under 42 U.S.C. § 1983, plaintiff may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

The elements of a § 1983 claim are (1) the action was committed by a person acting "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right.

Plaintiff realleges and incorporates by reference all of the paragraphs above. Plaintiff has a claim under 42 U.S.C. §1983 for violation of the following federal constitutional or statutory civil right:

**1) A person's right to appeal and**

**2) A person's right to access open court pursuant to NC Constitution Article I section 18**

The above civil rights were violated by defendants Blair Williams, Tasha O'neal, and Kellie Myers. Plaintiff was harmed as a result of their violations in the following way:

1) **Plaintiff is prevented from continuing with the appeal process initiated on July 9th, 2024. Consequently, plaintiff may potentially lose her appeal right entirely by order of the court during the hearing on August 21st, 2024. Update to be followed.**
2) **Plaintiff is denied the right for a remedy by due course of law for injury suffered and the right has been administered by Wake County Superior Court Clerk's Office and TCA with favor, denial, and delay.**

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against defendants as hereinafter set forth:

1. For compensatory and general damages in an amount of $3 millions;
2. For pre- and post-judgment interest on all damages as allowed by the law;
3. For costs of suit incurred herein;
4. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

## VIII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## IX. CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Civil Rights Complaint was served upon the Defendants Blair Williams, Tasha S. O'neal, and Kellie Z. Myers as follows:

| Mr. Blair Williams | Ms. Tasha 'Oneal |
|---|---|
| Wake County Courthouse | Wake County Courthouse |
| PO Box 351 | PO Box 351 |
| Raleigh, NC 27602 | Raleigh, NC 27602 |

Ms. Kellie Myers

Wake County Courthouse
PO Box 351
Raleigh, NC 27602

through electronic transmission as follows:

blair.williams@nccourts.org, tasha.s.oneal@nccourts.org, kellie.z.myers@nccourts.org

1   This the 15th day of August, 2024

2

3                                                    Leilei Zhang

4                                                    7025 Surfbird Circle

5                                                    Carlsbad, CA 92011

6                                                    442-357-0696

7                                                    leileiz@hotmail.com