NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

Leilei Zhang

    Plaintiff(s),  NOTICE OF APPEAL

v.  File No. 22cvs006041-910

Wen Zhang,

    Defendant(s),

TO THE HONORABLE COURT OF APPEALS OF NORTH CAROLINA:

    Plaintiff, Leilei Zhang, *Pro Se*, hereby gives notice of appeal to the Court of Appeals of North Carolina from the order (attached) entered on July 9th, 2024 in the Superior Court of Wake County, North Carolina during a hearing before the Honorable Superior Court Judge Bryan Collins during the January 16th, 2024 10:00am Civil session, Defendant's Motion to Strike, for Sanctions, for Summary Judgment and for a Gatekeeper's Order.

    For good cause shown, the Court hereby ordered that summary judgment is GRANTED in favor of the Defendant on his claims for breach of contract, and attorney's fees and costs. Plaintiff's claims are dismissed with prejudice in their entirety. A Gatekeeper's Order is GRANTED, such that Plaintiff Leilei Zhang shall not file any more lawsuits or pleadings against Wen Zhang, his attorney Judy Y. Tseng, or any other parties, without a sworn Rule 11 certification by a licensed North Carolina lawyer averring that such pleading(s) are grounded in law. Additionally, judgment is entered against plaintiff in the amount of $141,367.36. An award of attorney's fees and cost in the amount of $20,707.07 is also assessed against plaintiff and shall

be paid by a certified check or money order made payable to "Wen Zhang", to be mailed to and received by his attorney Judy Y. Tseng's office no later than August 22, 2024. Defendant's Motion to Strike and for sanctions is granted; the "Affidavit of Wen Zhang" and "Exhibits Supporting Complaint" which were improperly filed by plaintiff shall be stricken from the court record.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing plaintiff's Notice of Appeal was served upon the counsel for Defendant Wen Zhang through electronic transmission and by mailing a copy thereof by first-class mail, postage prepaid, and addressed as follows:

**Wake Law Office**
200 Cascade Pointe Lane, Suite 104
Cary, NC 27513

VIA EMAIL:

nclawyer@gmail.com or jyt@wakelawoffice.com

This the 9th day of July, 2024

Leilei Zhang

7025 Surfbird Circle

Carlsbad, CA 92011

442-637-6326

leileiz@hotmail.com

NORTH CAROLINA             IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION
WAKE COUNTY                              22CVS006041-910

LEILEI ZHANG,
       Plaintiff,

v.                                          **ORDER TO VACATE**
                                       **AND ENTER NEW ORDER**
WEN ZHANG,

       Defendant.

THIS COURT on July 9, 2024, at 08:46 a.m. by error filed a proposed draft version of an order in this action. The July 9, 2024, 08:46 a.m. Order was filed prematurely in that it was not final and was not reflective of this Court's findings; therefore, the prior Order filed July 9, 2024, at 08:46 a.m. is hereby vacated and stricken.

THIS MATTER CAME BEFORE the Honorable G. Bryan Collins during the 10 a.m. regular session of Court on January 16, 2024 on Defendant's Motions to Strike, for Sanctions, for Summary Judgment and for a Gatekeeper Order. Plaintiff Leilei Zhang appeared pro se. Defendant Wen Zhang appeared through his counsel, Judy Y. Tseng. Having considered the verified pleadings and arguments of Plaintiff and Defendant's counsel, the Court makes the following:

### FINDINGS OF FACTS

1. Plaintiff Leilei Zhang is Defendant Wen Zhang's ex-wife. Plaintiff filed this instant action *pro se* against Defendant ("Mr. Zhang") on May 18, 2022 alleging breach of the parties' separation agreement. Defendant counterclaimed for breach of the separation agreement and also included claims for attorney's fees and costs.

2. The parties executed a valid separation agreement on August 13, 2021. Plaintiff then moved to California, leaving Defendant and their minor daughter behind.

3. On September 3, 2021, Plaintiff texted Mr. Zhang, informing him, "i used your name to apply for crate and barrel card to get 20% reward. my credit limit wont allow me to make the purchase and get reward. i will transfer money to you when you ready to pay. you can always cancel [sic]."

4. In reliance on Plaintiff's promise to repay him, Defendant provided the new temporary credit card number. Plaintiff then charged $5,325.36 to this credit card in Defendant's name but never paid him to cover her charges, forcing Defendant to pay for it all. Plaintiff violated the provision of their separation agreement where the parties had agreed not to create debts in the other's name.

5. On January 20, 2022, Defendant received an email notice from Liberty Mutual Insurance, informing him, "A refund check has been mailed to you" in the amount of $1,459.00. The email was directed only to Defendant.

6. The check was mistakenly forwarded to Plaintiff's address in California, and she promptly deposited the check into her own account, refusing to give any of the funds to Defendant. Plaintiff's bank statement reflected that she took the check and deposited it into her own account.

7. In spring of 2022, Defendant prepared the 2021 tax returns for the parties as married filing jointly. Plaintiff had sold off a large amount of investments and cashed out her Fidelity retirement account to purchase her home in California, causing the tax bill to be high.

8. Paragraph 14. E. on page 8 of their separation agreement stated, "Each party shall

be responsible for any taxes or penalties due to withdrawing his/her own retirement funds."

9. Plaintiff's share of the tax bill was $134,583.00, but Plaintiff refused to pay, in violation of the parties' separation agreement. Defendant paid the tax bill himself.

10. Plaintiff carried forth a vendetta against Defendant, threatening more legal action, repeatedly demanding more money, sending her bills expecting Defendant to pay them, complaining to their daughter's school administrators and N.C. State Bar staff, threatening to disenroll their daughter from school, filing bar grievances, and threatening to sue Defendant's attorney.

11. During spring break 2023, the parties' daughter visited Plaintiff in California, and Plaintiff refused to send her home unless Defendant immediately gave her $10,000.00. Defendant had to fly out to San Diego and enlist the help of local law enforcement to help the minor child leave and fly back to North Carolina, right before school started again. Plaintiff continued to send multiple emails demanding more money from Defendant.

12. After filing this instant lawsuit on May 18, 2022, Plaintiff filed a Motion for Entry of Default, which a clerk improperly granted on September 13, 2022. Plaintiff filed a Motion for Default Judgment on September 26, 2022, serving Defendant only by email in violation of Rule 5. Defendant was not properly served by certified mail as Plaintiff had claimed. Defendant filed a Motion to Set Aside Entry of Default. On December 1, 2022, Judge Andrew Hanford set aside the clerk's entry of default.

13. Plaintiff filed a Notice of Appeal on December 12, 2022 and waited four days before mailing it to Defendant's counsel. Defendant's attorney did not receive it until after filing an Amended Answer & Motion for Leave to File Counterclaim on December

3

16th, attaching as an exhibit the Counterclaim. Plaintiff went ahead and responded to Defendant's Counterclaim, filed on January 17, 2022 with an "Answer to Defendant's Counterclaim - supplemental document" filed the next day, so Defendant filed his Counterclaim on January 24, 2023. On February 7, 2023, Plaintiff filed another "Answer to Defendant's Counterclaim."

14. Plaintiff's Motion for Summary Judgment was file-stamped on February 14, 2023. There was no Certificate of Service. The Plaintiff did not mail the Motion and attachments to Defendant's counsel and waited until March 10, 2023 to email it to counsel -- 24 days later. Defendant filed a response on April 6, 2023. Plaintiff later withdrew her Motion for Summary Judgment after the Court denied her request for a WebEx hearing.

15. On or about May 18, 2023, Plaintiff filed an "Affidavit of Wen Zhang." That document was from a previous lawsuit Plaintiff had filed against Defendant, File No. 21 CVS 6076, which was dismissed on Defendant's Motion for Summary Judgment; Plaintiff appealed that ruling (in File No. 21 CVS 6076), and the Court of Appeals affirmed the dismissal.

16. On June 10, 2023, Plaintiff improperly filed a document titled "Exhibits Supporting Complaint," adding more allegations against Defendant and making allegations against his attorney, in violation of the N.C. Rules of Civil Procedure. Plaintiff filed the same document repeatedly in October 2023. Plaintiff also improperly filed more documents after the January 16, 2024 hearing.

17. In addition to Wake County File No. 21 CVS 6076 filed against the Defendant, Plaintiff filed a custody lawsuit against him, pro se, in June 2022, File No. 22 CVD 6742. District Court Judge Julie L. Bell denied Plaintiff's request for emergency

4

custody. Plaintiff then voluntarily dismissed her custody lawsuit in August 2022, after causing Defendant to incur more legal costs.

18. In May 2023, Plaintiff filed suit, pro se, for the third time against her former neighbor, Preston Sutton. Her previous lawsuits against him in federal and superior court were already dismissed. In her most recent pro se lawsuit against Mr. Sutton, 23CV011754-910, she also sued Officer Benjamin Spell, a Cary police officer who came to investigate after Plaintiff left broken glass in Mr. Sutton's driveway in 2020.

19. In August 2023, Plaintiff, pro se, filed a lawsuit against the parties' daughter's school, Cary Academy, 23CV024034-910, alleging "violation of parental rights" and "aiding and abetting." That lawsuit has been dismissed.

20. Plaintiff sent a constant barrage of emails to Defendant and his attorney demanding money.

21. On August 29, 2023, Plaintiff stated in an email, "I will never leave him alone and more suits against him until he obeys the contract. You need to tell him to send me the money NOW!"

22. On September 1, 2023, the Court of Appeals dismissed Plaintiff's appeal/petition for certiorari, because "Plaintiff-Appellant's Brief does not contain any allegations that the trial court's order affects a substantial right."

23. On or about October 5, 2023, in Plaintiff's lawsuit against Preston Sutton and Officer Spell, Judge Vince M. Rozier, Jr. granted both defendants' motions to dismiss and granted a motion for a gatekeeper order in Wake County File No. 23 CVS 11754. Judge Rozier's Gatekeeper Order states, *inter alia*, that Plaintiff cannot file more lawsuits or pleadings against the defendants or their attorneys without a Rule 11 certification from a licensed North Carolina attorney. Plaintiff then appealed that decision without

including a Rule 11 certification.

24. Due to Plaintiff's history of constantly filing frivolous pro se actions and pleadings, disregard for court rules, constant threats against Defendant and his attorney, and stated intent of never stopping her harassment of Defendant, a gatekeeper order pertaining to Defendant Wen Zhang and his attorney is appropriate and justified.

25. In Plaintiff's responses to discovery from Defendant, Plaintiff provided nothing other than handwritten responses. Plaintiff merely referred back to her previously filed documents, answering, "See complaint & supplements/exhibits in support of complaint," when asked to describe any and all evidence she has and any and all financial damages she alleges to have suffered due to Defendant's alleged actions. No additional evidence or documents were produced.

26. Plaintiff has no proof to support her claims, other than self-serving, conclusory allegations against Defendant and legally irrelevant complaints.

## CONCLUSIONS OF LAW

1. The Court has personal and subject matter jurisdiction to enter this Order.

2. Any Findings of Fact more appropriately deemed Conclusions of Law are incorporated herein by reference.

3. Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. N.C. Civ. Pro. 56. The movant can satisfy the burden of establishing the lack of any triable issue of fact "either by proving that an essential element of the opposing party's claim is nonexistent, or by showing, by discovery, that the opposing party cannot produce evidence to support an essential element of its claim." Jones v. Skelley, 673 S.E.2d 385, 387, 195 N.C. App. 500 (N.C. App. 2009). "An issue is 'genuine' if it can be proven by substantial evidence

and a fact is 'material' if it would constitute or irrevocably establish any material element of a claim or a defense." Lowe v. Bradford, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982).

4. "[S]ubsection (e) of Rule 56 precludes any party from prevailing against a motion for summary judgment through reliance on conclusory allegations unsupported by facts." See Lowe, 305 N.C. at 370, 289 S.E.2d at 366. "It is well-established that conclusory statements standing alone cannot withstand a motion for summary judgment." Midulla v. Howard A. Cain, Inc., 133 N.C. App. 306, 309, 515 S.E.2d 244, 246 (1999). See also, Ward v. Operations, 705 S.E.2d 413, 417 (N.C. App. 2011).

5. Plaintiff's assertion that she does not owe her ex-husband anything for taxes he had to pay because they filed Tax Year 2021 tax returns jointly is without merit. The parties' separation agreement stated that "each party shall be responsible for any taxes or penalties due to withdrawing his/her own retirement funds." Soon after their separation, Plaintiff drained her own retirement account (an account that she was distributed per the separation agreement) to pay cash for her home in California, incurring a huge early withdrawal penalty and taxes, which Defendant had to pay.

6. Plaintiff admitted in a March 15, 2022 email and in her filings that she did not pay Defendant anything.

7. Plaintiff owes Defendant $134,583.00 for the taxes and penalties he had to pay due to her actions.

8. Plaintiff further violated terms of the separation agreement on September 3, 2021, when she set up a Crate and Barrel credit card using Defendant's name and information without his knowledge. Plaintiff made charges of $5,325.36 to this credit card in Defendant's name, which Defendant paid.

9. Plaintiff took a Liberty Mutual check in the amount of $1,459.00, which was intended for Defendant, and deposited into her own bank account, thereby converting the payment for her own benefit. Plaintiff's self-serving assertion that she was "entitled to cash it and it was for a refund…" is of no consequence.

10. The total amount Plaintiff Leilei Zhang owes Defendant Wen Zhang is **$141,367.36** for her portion of the taxes, Crate and Barrel credit card charges, and Liberty Mutual check.

11. Plaintiff's filing of a document entitled "Affidavit of Wen Zhang" and another document she titled "Exhibits Supporting Complaint" 12-13 months after filing her Complaint were improperly filed. Plaintiff failed to obtain the Defendant's permission or leave from the Court to make a proper amendment or supplement her Complaint. As such, these two filings shall be stricken from the court record.

12. Pursuant to paragraph 28 on page 10 of the parties' separation agreement, "SUIT COSTS" shall be awarded to the prevailing party if there is litigation pertaining to the agreement.

13. Defendant is the prevailing party and has incurred attorney's fees and costs in this action. The fees and costs incurred, as detailed in Defendant's counsel's Attorney Fee Affidavit have been reviewed by the Court and have been adjusted to only include those that were reasonable and necessary to the representation of Defendant in this action.

14. Plaintiff cannot prevail on her claims, there is no genuine issue of material fact, and Defendant is entitled to summary judgment as a matter of law in his favor on his counterclaim for breach of contract, conversion, and attorney's fees and costs.

15. The Court lacks authority to grant and therefore denies Defendant's request to be allowed to withhold his alimony payments to Plaintiff to account for the amounts due to him.

16. Sanctions against Plaintiff and a gatekeeper order pertaining to Defendant Wen Zhang, his attorney, and any other party is appropriate and justified due to the Plaintiff's multiple years of ungrounded court filings, threats, procedural violations, and abuse of the legal system.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. Defendant's Motion to Strike and for Sanctions is granted; the "Affidavit of Wen Zhang" and "Exhibits Supporting Complaint" which were improperly filed by Plaintiff shall be stricken from the court record;

2. Summary judgment is granted against the Plaintiff and in the Defendant's favor on his claims for breach of contract, conversion, and attorney's fees and costs;

3. Plaintiff's claims are dismissed with prejudice in their entirety;

4. Judgment is entered against Plaintiff in the amount of **$141,367.36.** Additionally, an award of attorney's fees and costs in the amount of **$20,707.07** is also assessed against Plaintiff and shall be paid by a certified check or money order made payable to "Wen Zhang," to be mailed to and received by his attorney Judy Y. Tseng's office no later than August 22, 2024.

5. A Gatekeeper Order is granted, such that Plaintiff Leilei Zhang shall not file any more lawsuits or pleadings against Wen Zhang, his attorney Judy Y. Tseng, or any other parties, without a sworn Rule 11 certification by a licensed North Carolina lawyer averring that such pleading(s) are grounded in law.

7/9/2024 2:29:48 PM

Dated: 7/9/2024

HONORABLE G. BRYAN COLLINS

9

Case 3:24-cv-01459-BEN-VET   Document 1-3   Filed 08/16/24   PageID.244   Page 12 of 12

DATE: July 9, 2024
TIME: 03:44 23:36 PM
WAKE COUNTY
SUPERIOR COURT JUDGES OFFICE
BY: K. Myers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the July 9, 2024, 02:32PM Order to Vacate and Enter New Order was served on the individuals listed below by transmitting a copy hereof via e-mail, addressed as follows,

Judy Y. Tseng
Wake Law Office
jyt@wakelawoffice.com
*Counsel for Defendant*

and by depositing a copy hereof, first class postage pre-paid in the United States mail, addressed as follows.

Leilei Zhang
7025 Surfbird Circle
Carlsbad, CA 92011
*Self-Represented Plaintiff*

Email addresses of record with the court are those provided by attorneys to the NC State Bar pursuant to G.S. 84-39.[1] Service is made upon local counsel for all attorneys who have been granted pro hac vice admission, if any, with the same effect as if personally made on a foreign attorney within this state. Corrections to counsel of record designated for each party may be submitted to the Wake County Clerk of Superior Court.

Date: 7/9/2024

Kellie Z. Myers
Court Administrator, 10th Judicial District
Kellie.Z.Myers@nccourts.org

---

[1] Corrections to an attorney's email address of record with the court must be submitted through the NC State Bar's Portal and not to the Clerk of Superior Court.